IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 16-cr-20093-01-JAR |
| GAVINO MENDOZA, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Gavino Mendoza's *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(l)(A) (Doc. 44).  The motion is fully briefed, and the Court is prepared to rule.  For the following reasons, the Court denies the motion.

## I.      Background

On May 4, 2017, Mendoza entered a guilty plea to conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 860a, and 846.[1]  On July 7, 2017, this Court sentenced Mendoza to a 144-month term of imprisonment, a five-year term of supervised release, and a $100 special assessment.[2]

Mendoza is incarcerated at FCI Beaumont Medium in Beaumont, Texas.  The Bureau of Prisons ("BOP") reports that there is one active staff case and one active inmate case of COVID-19 at this facility.[3]  To date, 495 staff members and 3,605 inmates at FCI Beaumont have been

---

[1] Docs. 33, 34.

[2] Doc. 40 at 3–6.

[3] *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 11, 2022).

fully vaccinated against COVID-19.[4]  Mendoza is fully vaccinated against COVID-19.  Mendoza is 49 years old, and his projected release date is March 18, 2027.

On April 4, 2022, Mendoza filed a *pro se* motion requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the basis that his medical conditions, increased risk for COVID-19 in an institutional setting, and family circumstances are extraordinary and compelling reasons to warrant his early release.[5]  He plans to live in Kansas City, Kansas with his mother-in-law and will have employment through a local labor union.[6]  Mendoza requests his custodial sentence be reduced to time served.

## II.    Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[7]  "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[8]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[9] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued

---

[4] *Id.*

[5] Doc. 44 at 5.

[6] Doc. 44-1.

[7] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[8] *Id.*

[9] Pub. L. No. 115-391, 132 Stat. 5194.

by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[10]   The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[11]

## III.   Discussion

### A.   Exhaustion

Section 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that the government may waive or forfeit.[12]   Here, the government does not contest that Mendoza has met the exhaustion requirement.   The Court thus considers this argument waived and proceeds to the merits.

### B.   Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant a § 3582(c)(1)(A) motion.   The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[13]   While that authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[14]   Thus, § 3582(c)(1)(A)'s consistency requirement does not currently constrain the court's discretion to consider whether extraordinary and compelling

---

[10] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[11] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[12] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[13] *Maumau*, 993 F.3d at 832.

[14] *Id.* at 832, 836–37.

reasons warrant a sentence reduction.[15]  Mendoza presents two reasons for a sentence reduction: (1) he has degenerative disc disease, nerve damage, two bulging discs, and two herniated; and (2) he needs to care for his daughter and mother.

### 1.    Medical Conditions

Mendoza suffers from degenerative disc disease, nerve damage, two herniated discs, and two bulging discs.  While a defendant's medical condition may present an extraordinary and compelling reason for release if it places the defendant at an increased risk of severe illness from COVID-19,[16] the Centers for Disease Control and Prevention ("CDC") has not identified degenerative disc disease as such a condition.[17]  Mendoza is also being moved to a medical facility to get the treatment needed for this condition.[18]

Moreover, Mendoza has now been fully vaccinated against COVID-19.  His immunization records indicate that he received a booster of the Pfizer-BioNTech COVID-19 vaccine on January 19, 2022.[19]  And at only 49 years old, Mendoza is in an age group with a relatively lower risk of severe illness and death from COVID-19 than that faced by older adults.[20]  The CDC has explained that mRNA COVID-19 vaccines "reduce the risk of COVID-

---

[15] *Id.* at 837.

[16] *See United States v. Pike*, No. 17-20051-01-JAR, 2021 WL 638023, at *2 (D. Kan. Feb. 18, 2021) (citing United *States v. Pullen*, No. 98-40080-01-JAR, 2020 WL 4049899, at *4 (D. Kan. July 20, 2020)).

[17] *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 2, 2022).

[18] Doc. 44 at 5.

[19] Doc. 48 at 10.

[20] *See COVID-19: Hospitalization and Death By Age*, CDC, https://www.cdc.gov /coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html (last updated June 27, 2022); *see also, e.g.*, *United States v. Mena*, No. 16-850-ER, 2021 WL 2562442, at *2-*3 (S.D.N.Y. June 23, 2021) (finding no extraordinary and compelling reasons for release under § 3582(c)(1)(A) based on the defendant being a former smoker because she was only 28 years old, there were only three confirmed positive cases among inmates at her facility, and she was fully vaccinated against COVID-19).

19, including the risk of severe illness and death among people who are fully vaccinated."[21]  The information available to the Court shows that Mendoza is inoculated with a vaccination that is highly effective at preventing severe cases of COVID-19.  The Tenth Circuit recently held in an unpublished opinion that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."[22]  And several district courts in the Tenth Circuit, including the District of Kansas, have followed this direction from the Circuit.[23]

In light of the low number of COVID-19 cases at FCI Beaumont Medium, the high number of fully vaccinated inmates at the facility, his vaccination status and young age, and direction from the Tenth Circuit, the Court finds that Mendoza has not shown that his underlying medical condition, the possibility of a COVID-19 infection, and the conditions at Beaumont Medium FCI, provide "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A).

### 2.      Family Circumstances

Mendoza also asserts that his family's circumstances have changed regarding his daughter's caregiver and his mother's declining health.  However, Mendoza does not describe the type of family situation that rises to the level of extraordinary and compelling circumstances.  According to Mendoza, his elderly mother-in-law has been providing care to his daughter.[24]  To

---

[21] *COVID-19 Vaccines Work*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last updated June 28, 2022).

[22] *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order.").

[23] *See United States v. Patton*, No. 16-40113-01-DDC, 2022 WL 2134197, at *5 (D. Kan. June 14, 2022) (collecting cases).

[24] Doc. 44 at 5.

be sure, an extraordinary and compelling reason for release exists when a defendant is the only available caregiver to family members who cannot care for themselves.[25]  But Mendoza does not show that his mother-in-law's old age has rendered her unable to provide care, nor does he show that he would be the only available caregiver to his minor child even if his mother-in-law were incapable of providing care.[26]

Accordingly, Mendoza has not demonstrated that extraordinary and compelling reasons exist warranting the sentence reduction that he seeks.  Since Mendoza does not establish extraordinary and compelling circumstances, the Court does reach the issue of whether a reduction-in-sentence comports with the § 3553(a) sentencing factors.[27]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant Gavino Mendoza's Motion for Compassionate Release (Doc. 44) is **denied.**

**IT IS SO ORDERED.**

Dated: July 15, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[25] *See United States v. Kataev*, No. 16 CR. 763-05, 2020 WL 1862685, at *3 (S.D.N.Y. Apr. 14, 2020) (citing *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020), *reconsideration denied*, No. 15 CR. 457 (KPF), 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020)).

[26] *Compare United States v. Kesoyan*, No. 2:15-236, 2020 WL 2039028, at *6 (E.D. Cal. Apr. 28, 2020) (granting a motion for compassionate release where the defendant's adult son was disabled and other family member caretakers had become incapacitated through sickness and substance abuse), *with United States v. Brown*, 457 F. Supp. 3d 691, 704 (S.D. Iowa 2020) (finding that the defendant's family circumstances did not qualify as extraordinary and compelling under § 3582(c)(1)(A) because, "although his daughter lacks a free parent—Defendant's wife died shortly before his incarceration—she is an adult and Defendant is not her caregiver").  There is also conflicting evidence as to whose care Mendoza's daughter is in; the letter provided in support of his release indicates that his daughter is currently in foster care.  Doc. 44-2 at 4.

[27] *See United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021).